R. S. ELLIS, Judge.
This is an appeal from a judgment of the lower court awarding plaintiff the sum of $4783.64 plus interest and costs for damages growing out of a collision which occurred about 2:00 A.M., August 4, 1963. Plaintiff was driving his 1959 Pontiac north from Thibodaux on Louisiana Highway 1 at a speed which he estimates at 40 miles per hour but which the investigating officer and the other party to the accident estimate at 60-70 miles per hour. Sixty is the maximum legal speed and, with the exception of darkness, there were no adverse driving conditions present.
Louis J. Dugas was employed by and driving a tractor and tandem trailer owned by defendant Patterson Truck Line, Inc., and insured by The Travelers Insurance Company. He was attempting to back into a driveway at the Hycatector Company Building and had gotten the rear wheels of the trailer into the driveway. The tractor was completely blocking the north bound lane, angled to the southwest.
The road at that point was about forty feet wide if you include the blacktop shoulder. Plaintiff testified that as he approached the point of collision he observed the headlights of the truck which were 'facing somewhat southwest and the three amber lights on the front of the cab. He believed, however, that the truck was in the south bound lane and that he could safely pass by adhering to his proper (north bound) lane. Plaintiff testified and even *141 sketched the scene of the accident to show the cab in the south bound lane and the trailer across the north bound lane. This does not agree with the testimony of the investigating officer or the physical facts. It was not until plaintiff came near to the truck that he realized his lane was obstructed and cut to his right to avoid the accident. There is no creditable evidence to indicate the distance between the vehicles when plaintiff first became aware of the danger. The road is straight for one-fifth mile south of the accident and plaintiff left forty-five feet of skid marks.
The fact that plaintiff veered to his right into the trailer rather than to the left into the open south bound lane indicates that he never did see the trailer or realize that the cab lights were in his lane.
We are of the opinion that plaintiff was contributorily negligent in not observing the danger in time to avoid the accident.
The headlights and cab lights were admittedly observed by plaintiff. In addition there was an amber-red running light on the side of the trailer just behind the cab, another at the trailer’s center and a third.on its side at the rear. These three lights plus two glass side reflectors were facing traffic approaching from the south.
In addition to the lights on the tractor and trailer, the general area was somewhat illuminated by a bulb type street light, a beer sign, and lights from other businesses in the vicinity. The investigating officer described the area as follows:
“Q. What, if any, type of lighting conditions were present at the scene of the accident?
“A. They had street lights and several of the business places had signs and lights in the front. It was a well lit area. All along that strip it is well lit up at night time.”
Mr. Roy Bourg, a safety engineer and personnel manager for Patterson Truck Lines, Inc., arrived at the scene of the accident at about 2:30 A.M., before the truck had been moved. Mr. Bourg testified that as he neared the scene of the accident he could see the whole tractor and trailer from the illumination in the area. While it is probable that the area was somewhat better illuminated after the accident than before because of the presence of other cars and the crowd of people which inevitably assembles at these occasions, we are convinced that plaintiff should have seen the tractor and trailer blocking the north bound lane and east shoulder of the road, and should have realized that the cab was directly in front of him in the north bound lane and not in the south bound lane as he supposed and as he actually testified on the trial of the case. His failure to do so is negligence barring his recovery.
The defendant’s driver was also negligent but having determined plaintiff to have been contributorily negligent, the judgment of the lower court in favor of the plaintiff must be, and it is hereby, set aside and reversed.
Reversed.